UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-219-FDW

| | |
|---|---|
| JOSHUA CHILDERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN BUCHANAN, )<br>)<br>Defendant. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint, filed under 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

Plaintiff, a prisoner of the State of North Carolina, is housed in the Mountain View Correctional Institution with a projected release date of October 4, 2016.[1] In his complaint, Plaintiff alleges that on July 22nd and 24th of this year, the defendant refused to allow him to participate in the Native American Prayer Circle because he was found guilty of a B-16 violation.[2] The defendant, whom Plaintiff identifies as a Case Manager/Programmer in Mountain View Correctional, informed Plaintiff that his participation in the prayer circle was suspended for 30-days. Plaintiff indicates that he is in the process of appealing the B-16 violation to Raleigh.

---

[1] This information is drawn from the website of the North Carolina Department of Public Safety ("DPS").

[2] Chapter B (Inmate Conduct Rules, Discipline) of the North Carolina Prison- Policy and Procedures Manual defines a B-16 violation as the possession of any tobacco products or paraphernalia, or the possession of unauthorized lighters or lighting devices or the unauthorized use of tobacco products. Id. § .0200 (B16). The manual can be accessed at the following address: https://www.ncdps.gov/Index2.cfm?a=000003,002240,002507.

Under Plaintiff's offender information page, the DPS website lists an infraction date of July 9, 2013, for unauthorized tobacco use.

1

(Doc. No. 1 at 4).

In his claim for relief, Plaintiff moves the Court to assess the defendant with the costs of this action and to reprimand the defendant. (Id.)

## II.     STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.     DISCUSSION

Plaintiff contends that his right to the free exercise of religious has been violated through his suspension from participation in the Native American Prayer Circle. There is no question that

an inmate does not lose all his rights under the First Amendment upon incarceration. The question the Court must resolve in this initial review, however, is whether Plaintiff's claim that he was denied the ability to participate in a Native American Prayer Circle is ripe for consideration in a federal district court.

As noted, Plaintiff is presently incarcerated and was so at the time he filed this complaint. Accordingly, he is bound to satisfy certain statutory requirements before he can pursue relief under § 1983 in federal court. The Prisoner Litigation Reform Act ("PLRA") provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, and the Court found that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is incarcerated. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte raising the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff states that he presented grievances regarding the prayer circle and the denial of tobacco on July 22nd and 24th, 2013.[3] Plaintiff does not indicate whether there has been a disposition of his grievances, but the face of his complaint makes plain that Plaintiff has not yet received a final adjudication of his claims by prison officials. Therefore, it appears that Plaintiff has not yet completed his pursuit of remedies through the mandatory, three-step procedure mandated by the NC DPS.[4]

Plaintiff's complaint appears to have been signed on July 29, 2013. (Doc. No. 1 at 5). Plaintiff's complaint was received and filed by the clerk of court on August 1, 2013. The Court finds that from this record, the Plaintiff had not exhausted his available administrative remedies prior to filing his complaint because he clearly indicates that the grievance process has not yet

---

[3] Plaintiff does not include the claim for denial of tobacco among the allegations in his statement of claim.

[4] See Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing the three-step Administrative Remedy Procedure ("ARP") which controls the filing of grievances in North Carolina prisons); see also N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A).

4

been resolved. (Doc. No. 1 at 4).The Court will therefore dismiss Plaintiff's complaint without prejudice for failure to satisfy the mandatory requirements of the PLRA

## IV. CONCLUSION

**IT IS, THEREFORE**, **ORDERED** that:

1.   Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

Signed: August 16, 2013

Frank D. Whitney
Chief United States District Judge